# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2011

No. 10-50381
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BERTHA MARTINEZ-RUIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-2689-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Bertha Martinez-Ruiz (Martinez) was convicted by a jury of importing cocaine, and she was sentenced to 60 months of imprisonment and four years of supervised release.

Martinez argues that the district court abused its discretion in denying her motion for a mistrial based on manifest necessity when the jury, after several hours of deliberation, questioned the court concerning the duress defense and the effect on the verdict if they were unable to agree concerning duress.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In evaluating whether a mistrial was appropriate, "the reviewing court should consider the length of the trial, the complexity of the issues involved and the length of deliberations." *United States v. Gordy*, 526 F.2d 631, 635-36 (5th Cir. 1976). No one factor is necessarily controlling. *Id.* at 635. This court reviews a district court's denial of a motion for mistrial for abuse of discretion. *United States v. Mitchell*, 166 F.3d 748, 751 (5th Cir. 1999); *see also Arizona v. Washington*, 434 U.S. 497, 509-10 (1978) (according trial court's mistrial decision "great deference"). It is not clear from the record or the jury's notes that the reason for the jury's continued deliberation was its inability to agree as to Martinez's duress defense, rather than its effort to understand the nuances of the application of the duress defense. Accordingly, giving "great deference" to the district court, Martinez has not shown that the district court abused its discretion in denying her motion for a mistrial. *See Washington*, 434 U.S. at 509-10; *Mitchell*, 166 F.3d at 751.

Martinez also argues that the district court erred in not giving her a safety valve adjustment because it failed to make an independent determination concerning the issue and instead relied solely on the jury's verdict of guilty as to one of the charged offenses.

Consistent with U.S.S.G. § 5C1.2's directive that the safety valve is applicable if "the court finds that the defendant meets the criteria," a district court is required to make an independent determination whether the criteria have been met. *See United States v. McCrimmon*, 443 F.3d 454, 457-58 (5th Cir. 2006). However, the record indicates that the court did not solely base its decision on the jury's verdict and that it instead reached an independent determination. Additionally, in light of conflicting evidence at trial concerning Martinez's truthfulness and the jury's verdict of guilt as to one of the charged offenses, a determination that Martinez did not meet her burden of showing that she had been truthful and thus entitled to safety valve relief was plausible in light of the record as a whole. *See* U.S.S.G. § 5C1.2; 18 U.S.C. § 3553(f);

No. 10-50381

*McCrimmon*, 443 F.3d at 457; *United States v. Powers*, 168 F.3d 741, 753 (5th Cir. 1999). Accordingly, the district court did not commit clear error in denying Martinez safety valve relief. *See McCrimmon*, 443 F.3d at 457.

AFFIRMED.